**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSEPH ARUANNO,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　**CASE NO. 4:07CV498-MP/AK**

**FLORIDA DEPARTMENT OF
WORKERS COMPENSATION, et al,**

    **Defendants.**

_____/

**O R D E R**

Presently before the Court is Plaintiff's Motion for Recusal. (Doc. 19). Although the motion was addressed to District Judge Hinkle, he is not assigned to this case, and the motion was referred by the Clerk's Office to the undersigned to address. If Plaintiff wishes to appeal this ruling, he should direct it to the attention of the district judge assigned to this case, District Judge Maurice Paul.

Plaintiff seeks to have the undersigned removed from the case on the grounds that his pleadings have been misunderstood and that the Court should assist him since he is acting pro se. Plaintiff also contends that the undersigned has overlooked papers that have been filed and that he will not resubmit anything further because of the expense he has incurred in mailing papers to the Court.

The law applicable to judicial disqualification states in pertinent part:

"(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"(b) He shall also disqualify himself in the following circumstances:

>"(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...."  28 U.S.C. §455(a)-(b)(1).

The standard for recusal based upon an allegation of impartiality is whether a reasonable man knowing all the circumstances would have doubts about the impartiality of a judge. In re BellSouth Corp., 334 F.3d 941, 970 (11th Cir. 2003). Adverse rulings by a judge do not qualify as grounds for recusal since a litigant is not entitled to the judge of his choice. Id., at 973-74.

The undersigned has attempted to assist this pro se Plaintiff in filing a complaint or to direct his claims to the appropriate court and has reviewed the file to make certain that filings have not been overlooked as Plaintiff suggests. The last two amended pleadings referred to papers that were not attached and are not otherwise in the file. (Docs. 11 and 14). The original and first amended complaint (docs. 1 and 5) do not provide addresses for the defendants, do not specify claims against them, and concern complaints about the process, timeliness, and decisions of the Florida Department of Workers Compensation. Contrary to Plaintiff's assertions, the court cannot obtain addresses for him, does not file criminal complaints, and does not operate as an appeals court for the state court actions described by the Plaintiff. It is unfortunate that Plaintiff considers these adverse rulings to exhibit bias against him, but until Plaintiff

**No. 4:07CV498-MP/AK**

files a coherent, viable complaint against named defendants upon whom service could be made, and states sound jurisdictional bases for federal court, there is no action which the undersigned can take to facilitate the prosecution of this lawsuit. There is also no basis for recusal.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Recusal (doc. 19) is hereby **DENIED**.

**DONE AND ORDERED** this *10th* day of February, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:07CV498-MP/AK**