**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE  DIVISION**


**JOSEPH ARUANNO,**

      **Plaintiff,**

**vs.**                                                                   **CASE NO. 4:07CV498-MP/AK**

**FLORIDA WORKERS COMPENSATION,**
**et al,**

      **Defendants.**

                                   **/**


## REPORT AND RECOMMENDATION

Plaintiff's original complaint asserted claims against a number of persons for

violations he claims they committed against him in relation to an injury he suffered and

was not compensated for by his employer.  (Doc. 1).  The undersigned outlined some

problems with the complaint, specifically that he had not identified any constitutional or

federal rights violated by each of the defendants.  (Doc. 4).  In response, Plaintiff filed

an amended complaint demanding that the state of Florida change its laws and reply to

him in an unidentified state court proceeding.  (Doc. 5).  He listed a number of

defendants, provided no addresses for each of them, and did not specify what each did

to violate his rights.  The Court again requested more specific information from Plaintiff,

(doc. 8), and Plaintiff filed a Second Amended Complaint, wherein he referred to an

attached pleading that was not attached.  (Doc.  11).  The Court advised him that there

was no attachment and he would need to file a third amended complaint if he wanted

the Court to proceed on his lawsuit.  (Doc. 12).  In response, Plaintiff filed a third

amended complaint which refers to the original complaint (which had already been

deemed insufficient) and "the attached amended complaint," which was not attached.

(Doc. 14).  The Court entered a show cause order directing Plaintiff to file a complete

pleading for the Court's review or risk dismissal of his case.  (Doc. 17).  In response,

Plaintiff filed a motion for recusal accusing the undersigned and his staff of

incompetence and misplacing his previous pleadings for which he threatens to levy

criminal charges.  (Doc. 19).  Plaintiff also advised that he will not be submitting any

more papers because it is too expensive.

The Court has before it the entire file in this matter and the papers Plaintiff claims

were filed are not in the file.  The Clerks Office has been asked to make certain no

papers are there that have not been associated with this file and they assure the

undersigned that there are none.  The Court cannot create jurisdiction where there is

none and cannot serve claims against Defendants whose addresses are not provided

nor can it glean claims from a general and non-specific narrative.  Since Plaintiff refuses

to provide any more detail about his claims, there is no further recourse but to dismiss

the present lawsuit.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third

amended complaint (doc.14) be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the clerk of court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further

No. 4:07CV498-MP/AK

**RECOMMENDED** that the case be **DISMISSED** for failure to prosecute since Plaintiff

has refused to file another pleading as directed by previous order.

**IN CHAMBERS** at Gainesville, Florida, this 23rd  Day of February, 2009.



s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:07CV498-MP/AK